UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  04-CV-22774-UNGARO-BENAGES/O'SULLIVAN

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

     Plaintiff,

VS.

KRAUS-ANDERSON
CONSTRUCTION COMPANY,

     Defendant.

_____/

**NIGHT BOX**
**FILED**

SEP 0 1 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION FOR RECONSIDERATION OF
## ORDER COMPELLING PRODUCTION
## OF TRIBAL JUDGE'S EMPLOYMENT FILE

Judge Colley Billie, in his official capacity as Tribal Judge of the Tribal Court of the Miccosukee Tribe of Indians of Florida, hereby seeks reconsideration of this Court's Order compelling production of his employment records, stating as follows:

### Procedural History

1.     Judge Colley Billie is one of the two Miccosukee Tribal Court judges who rendered the Miccosukee Tribal Court judgment in Case No. CV-00-21-A that is the subject of the instant action.

2.     By order dated August 18, 2006, this Court ordered plaintiff, Miccosukee Tribe of Indians of Florida, to produce the personnel records of Judge Billie on or before August 25, 2006.  [D.E. 124].

3.     On August 25, 2006, Judge Billie moved for a one-week enlargement of time of that deadline to allow his counsel to review the personnel records and determine whether to lodge an objection.

4.     Judge Billie has since had the opportunity to review the records and submits that their production would be irrelevant to this matter and an improper invasion of the province of the Tribal Court. Accordingly, Judge Billie requests reconsideration of that portion of this Court's August 18 order directing plaintiff to produce Judge Billie's personnel records.

## Argument

Defendant Kraus-Anderson's ("K-A") request for discovery into Judge Billie's personal affairs is an unwarranted intrusion into the personal affairs of a judge.  In the Tribal Court case, K-A had ample opportunity to seek disqualification of Judge Billie on precisely the same grounds it alleges here, but specifically abandoned this argument.  Indeed, K-A's contention in this Court that it is entitled to discovery into Judge Billie's personal affairs in order to establish its affirmative defense of conflict-of-interest is *exactly the opposite* of the position K-A took in this case in Tribal Court.  Under

these circumstances, this Court should refuse to permit any discovery into Judge Billie's personal affairs. *See e.g., United States v. Cerceda,* 188 F. 3d 1291, 1293 (11th Cir. 1999) (observing, under 28 U.S.C. § 455, that "[a] charge of partiality must be supported by some factual basis . . . . Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'") (quoting *In re United States,* 666 F.2d 690, 694 (1st Cir. 1981)).

Here, K-A has sought discovery into Judge Billie's employment by the Tribe in furtherance of its affirmative defenses of bias and conflict-of-interest. For example, K-A's tenth affirmative defense alleges "on information and belief" that Judge Billie had a conflict of interest because of his "financial stake in the outcome of the proceedings":

> The Miccosukee judicial system failed to provide for an impartial tribunal or protect Kraus-Anderson's due process rights because the Tribal Court Judges, **on information and belief,** have a financial stake in the outcome of the proceedings, which presents an inherent conflict of interest.

DE # 32, at 7 (emphasis added). Building on this, K-A recently offered, without any support whatsoever, that "[t]here are legitimate questions as to the distribution among members of the Tribe, including judges, of money recovered in Tribal judgments." KA's Resp. to Mot. for Prot. Order, DE # 85 at 4 (5/12/06).

3

K-A clearly could have raised this precise argument in the Tribal Court proceedings, but did not. Instead, in the Tribal Court case, K-A *opposed* – successfully -- the Tribe's two motions to disqualify Judge Billie on the basis of conflict of interest. In those proceedings, K-A was well aware that Judge Billie was a member of the Miccosukee Tribe of Indians, which was the plaintiff in the Tribal Court case. Despite knowing this, K-A *opposed* Judge Billie's disqualification and specifically argued that he had *no financial stake or interest* in the trial:

> Defendant [Tribe] has presented no facts which support a finding that Judge Billie has an interest that could be substantially affected by the outcome of Plaintiff's suit for breach of contract against Defendant. Further, Defendant has presented no facts which would support a finding that [Judge Billie] has an interest in either Plaintiff or Defendant. *Judge Billie's lack of an interest, financial or otherwise, in Plaintiff's breach of contract suit or in Plaintiff or Defendant which would warrant his disqualification* under § 455 supports a conclusion that *Judge Billie has no interest in this proceeding which would warrant his disqualification* under Title I, Section 12 of the Tribal Criminal and Civil Code.
>
> * * *
>
> Kraus-Anderson recognizes that it could be said that Judge Billie has an interest in [KA's] suit and in [the Tribe] because he is a member of Defendant Miccosukee Tribe of Indians of Florida. However, *Judge Billie's interest is no different than the interest every other Tribal judge has in [KA's] suit and in [the Tribe].*

4

K-A's Resp. to Def.'s 2d Mot. to Disqualify, at 5-6, 5 n.2 (3/8/02) (emphasis added), *reproduced at* DE #35, Ex. 2(f).

To the extent that K-A is now seeking this discovery not just because Judge Billie is a member of the Tribe, but because he is manager of Poker at Miccosukee Indian Gaming, K-A knew this long before the trial in Tribal Court. Indeed, K-A admits that

> [D]uring the course of performance of the Hotel / Casino project, KA was aware that Colley Billie was employed at the Hotel / Casino, apparently was the poker manager, and was involved in certain enhancements related to the poker area.

K-A's Resp. to Am. Interrogatories, at 20, *reproduced at* DE #72, Ex. 1.

Thus, in the Tribal Court proceedings, K-A knew the grounds for and had every opportunity to challenge Judge Billie on the basis of an alleged conflict of interest. Instead, K-A took the opposite position, consistently arguing that Judge Billie had no interest in the Tribal Court trial – until K-A received an adverse judgment.

To seek discovery into Judge Billie's private affairs for the first time now, after K-A affirmatively abandoned arguing Judge Billie's bias in the Tribal proceedings, and after KA repeatedly and vigorously embraced the *opposite* position in the Tribal proceedings with full knowledge of its alleged grounds, is simply unfair. *Cf. NVE, Inc. v. Dept' of Health and Human*

5

*Serv.,* 436 F.3d 182, 195 (3d Cir. 2006) (on interlocutory appeal, refusing,

"in the absence of even a hint of evidence" of improper procedures in an

FDA administrative action, to permit discovery to supplement the record on

appeal to the District Court).

   WHEREFORE, Judge Colley Billie respectfully moves for

reconsideration of that portion of this Court's August 18 order requiring the

Tribe to produce Judge Billie's employment records.[1]

                                    Respectfully submitted,

                                    LEWIS TEIN, P.L.

                         BY:        *[signature]*

                                    _____
                                    MICHAEL R. TEIN
                                    Fla. Bar No.: 993522
                                    3059 Grand Avenue, Suite 340
                                    Coconut Grove, Florida 33133
                                    Telephone:  (305) 442-1101
                                    Facsimile:  (305) 442-6744
                                    tein@lewistein.com

---

[1] Judge Billie respectfully notes that, because he was not a party, he did not have notice of the August 18, 2006 hearing and accordingly did not have a prior opportunity to argue against disclosure of his personal affairs in this matter. In the event that this Court is inclined to deny the instant motion for reconsideration, Judge Billie respectfully requests the opportunity for ten minutes of oral argument. *See* S.D. FLA. L. R. 7.1(B)(1).  Brief oral argument would permit consideration of whether there are alternative, less intrusive means available to the Court, prior to ordering disclosure of Judge Billie's personal financial information, among other things.

Lewis Tein PL
ATTORNEYS AT LAW
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 5th day of September, 2006, to all parties on the attached Service List.

_____
MICHAEL R. TEIN

## SERVICE LIST

Davisson F. Dunlap, Jr., Esq.
Dunlap, Toole, Shipman & Whitney, P.A.
2065 Thomasville Rd, Suite 102
Tallahassee, Florida 32308-0733

Patrick James O'Connor, Esq.
Squire Sanders & Dempsey, LLP
Wachovia Financial Center
200 S. Biscayne Blvd.
40th Floor
Miami, Florida  33131-2398

Lewis Tein PL
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133