UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX FILED
SEP 1 5 2006
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CASE NO. 04-22774-CIV-UNGARO-BENAGES/O'SULLIVAN

MICCOSUKEE TRIBE OF
INDIANS OF FLORIDA,

    Plaintiff,

v.

KRAUS-ANDERSON
CONSTRUCTION COMPANY,

    Defendant.
_____/

## MOTION TO QUASH NON-PARTY SUBPOENA
## OF BERNARDO ROMAN III, ESQUIRE

Pursuant to FED. R. CIV. P. 45, the Tribal Court of the Miccosukee Tribe of Indians of Florida, a non-party, hereby moves to quash the subpoena served upon Bernardo Roman, Esq., by defendant Kraus-Anderson Construction Company, stating:

### FACTS

1. On September 6, 2006, defendant Kraus-Anderson Construction Company served the attached subpoena duces tecum on Bernardo Roman, Esq., in this lawsuit. *See* Ex. A.

2. Roman is the "legal advisor" to and judicial officer of the Tribal Court of the Miccosukee Tribe of Indians of Florida (the "Tribal Court"). The Tribal



Court, which is not a party to this lawsuit, is the representative of the Miccosukee Judicial System, an independent and separate tribal institution enjoying its own legally recognized tribal sovereign immunity, judicial immunity and legal privileges. The Tribal Court is composed of seven Judges and several judicial officers, including the Clerk of Court, Compliance Clerk, Judicial Secretary and Legal Advisor.

3. As legal advisor to the Tribal Court, Roman's function is virtually identical to that of a judicial law clerk to a United States Judge. His functions include legal research and analysis, drafting legal memoranda, the discussion of legal issues with Judges of the Tribal Court and the drafting of judicial opinions and Court orders.

## ARGUMENT

The subpoena should be quashed because: (1) the doctrine of sovereign immunity renders employees of an Indian tribe immune from subpoenas calling for documents and testimony in their official capacities;[1] (2) the doctrine of judicial immunity shields Tribal Court judges and their law clerks from subpoenas calling for documents and testimony in their official capacities; (3) judicial privilege

---

[1] While the subpoena was not explicitly directed to Roman in his official capacity, it is clear from the annexed schedule of requested documents that the scope of Roman's testimony will relate to his official duties for the Tribal Court. See Ex. A.

protects communications between Tribal Court judges and their law clerks; and (4) alternatively, the subpoena is unduly burdensome and harassing.

## I. Tribal Sovereign Immunity Requires the Subpoena to be Quashed.

This Court has already found that, as a federally recognized Indian tribe, the Miccosukee Tribe of Indians of Florida ("Miccosukee Tribe") is immune from suit under the doctrine of sovereign immunity. *See* DE 22 at 6 (finding that plaintiff did not waive sovereign immunity in filing this lawsuit, and striking counterclaim). *See also Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) (concluding that tribes do not waive sovereign immunity merely by filing suit; rather sovereign immunity bars suits against tribes "absent a clear waiver by the tribe or congressional abrogation"); *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1038 n.30 (11th Cir. 1995) ("*Tamiami Partners I*") ("Absent tribal waiver or congressional abrogation, an Indian tribe is shielded from suit by sovereign immunity.").

Like the Indian tribe itself, tribal employees are also protected by sovereign immunity when acting in their official capacity. *See Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1225 (11th Cir. 1999) ("*Tamiami Partners II*") (finding that the district court erred in rejecting the individual defendants' claims of sovereign immunity). As legal advisor for the Tribal Court, Roman is a tribal employee and Miccosukee judicial officer.

Accordingly, Roman is entitled to the protections of the doctrine of sovereign immunity.

Beyond providing relief from suit, sovereign immunity also shields Indian tribes and their employees from discovery, even in actions to which they are not a party. *See United States v. James*, 980 F.2d 1314, 1319 (9th Cir. 1992). In *James*, an individual on trial for rape requested that the district court issue a subpoena, directed to the head of the Quinault Indian Nation's social services department for the purpose of obtaining records relating to the victim. On a motion of the Indian Tribe, the district court quashed the subpoena on grounds of sovereign immunity. On appeal, the Ninth Circuit agreed, concluding that the tribe and its director of social services, though not parties to the action, were protected from discovery by sovereign immunity. *See id.*

The United States District Court for the Southern District of New York came to the same conclusion in *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78 (S.D.N.Y. 2002). There, the plaintiffs issued multiple subpoenas to several non-party witnesses, who worked with the Mohawk Tribe or an instrumentality thereof, in their official capacities. The Tribe moved on these individuals' behalf to quash the subpoenas on sovereign immunity grounds. The court recognized that tribal sovereign immunity applies to non-party subpoenas in civil litigation, regardless of whether the subpoenas are directed to

4

the tribe itself or to employees of the tribe acting in their official capacities. *See id.* at 86-87. In reaching this conclusion, the court relied heavily on federal sovereign immunity, which, the court noted, is co-extensive with tribal sovereign immunity. *See id.* at 87. Just as federal sovereign immunity shields government agencies and employees from non-party subpoenas, tribal sovereign immunity affords the same protections to tribes and tribal employees acting in their official capacities. *See id.*

Because Roman is a Tribal employee and Miccosukee judicial officer subpoenaed in his official capacity, he is protected from responding to Kraus-Anderson's non-party subpoena.

## II. Judicial Immunity Also Bars Enforcement of Roman's Subpoena.

Because this subpoena is directed to a law clerk to a Tribal Judge, the doctrine of judicial immunity also prevents its enforcement. In the Eleventh Circuit, "the law is well settled that judges are . . . entitled to immunity from suit for damages when acting in their judicial capacity." *Sibley v. U.S. Supreme Court*, 136 Fed. Appx. 252, 253 (11th Cir. 2005). This immunity extends to law clerks and other court personnel as well when subpoenaed in their official capacities. *See Jackson v. Houck*, 2006 WL 1344807, *1 (4th Cir. 2006) (holding that "[a]bsolute immunity applies to all acts of auxiliary court personnel that are basic and integral parts of the judicial function"); *Bradley v. United States*, 84 Fed. Appx. 492, 493

(6th Cir. 2003) (holding that law clerks and court clerks are immune from suit when acting in their judicial and quasi-judicial duties).

Just as judges and their law clerks are immune from suit, they are also immune from discovery, even where they are non-parties. *See In re Lickman*, 304 B.R. 897, 903-04 (Bankr. M.D. Fla. 2004). In *Lickman*, the defendant in a contested bankruptcy proceeding, apparently upset with the court's adverse rulings, sought to subpoena the bankruptcy judge's law clerk, a non-party, to determine whether there was any impropriety surrounding those rulings. In quashing this subpoena, the court recognized that the "policy behind immunity does not merely extends to suits, it also extends to protection against discovery." *Id.* at 903. As to law clerks in particular, the court opined that "if a judge cannot be compelled to testify in a case over which he or she presides in regards to her or his decision making, then a disgruntled litigant should not be allowed to circumvent this by compelling the judge's staff to so testify." *Id.* *See also Jones v. Fire & Cas. Ins. Co. of Conn.*, 266 F. Supp. 91, 92-93 (D. Conn. 1967) (recognizing that the rules protecting judges and their staffs from suit also shield those same persons from discovery in actions to which they are not a party").

Accordingly, Roman is shielded from compliance with the subpoena under the doctrine of judicial immunity.

### III. Judicial Privilege Protects the Tribal Court and its Officials from Disclosing Judicial Communications and Related Documents.

Beyond tribal sovereign immunity and judicial immunity, judicial privilege protects Roman, a Tribal law clerk, from disclosing privileged communications and documents relating to the Tribal Court.

The Eleventh Circuit has concluded that a qualified privilege exists "protecting confidential communications among judges and their staffs in the performance of their judicial duties." *Matter of Certain Complaints Under Investigation by an Investigating Comm. of the Judicial Council of the Eleventh Circuit*, 783 F.2d 1488, 1520 (11th Cir. 1986). This privilege -- premised on the need for confidentiality in the discharges of a judge's duties -- protects "the framing and researching of opinions, orders, and rulings." *Id.*

Roman is the "legal advisor," *i.e.*, judicial law clerk and judicial officer, to the Tribal Court. The documents the subpoena requests relate to his work as a judicial law clerk and also indicate that he will be asked to testify about that work. Like a federal judicial law clerk's duties, Roman's job entails assisting the Tribal judges in rendering their decisions. The ensuing communications are judicially privileged.

## IV. Enforcement of Kraus-Anderson's Subpoena Would Be Unduly Burdensome on Roman.

Alternatively and without waiving objections based on immunity and privilege, the subpoena is unduly burdensome and harassing. This burden is compounded by Roman's nonparty status. The subpoena demands "any and all" documents related to seven broad categories. Compliance with this request would require Roman to search through all of his records and to produce any and all documents relating to his work with the Tribal Court and his communications with the Tribe - - simply to assert an iron-clad privilege over them and describe them on a privilege log. This would be a time-consuming and expensive process.

Courts view the burdens from a subpoena to a non-party with particular care. "While discovery . . . should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of the discovery." *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980); see also *Schaaf v. Smithkline Beecham Corp.*, 2006 WL 2246146, *2 (M.D. Fla. 2006). ("Courts must also consider the status of a witness as a non-party when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure."). In *Schaaf*, the plaintiff issued a subpoena on a witness who was not a party. The subpoena required the nonparty to produce an array of documents generated by his employer. The United States District Court for

8

the Middle District of Florida held that considering the witness' nonparty status, response to the overbroad subpoena would be overly burdensome.

Because Roman is a non-party, the subpoena's document request should be substantially narrowed before it is enforced.

WHEREFORE, for the reasons set forth herein, the subpoena directed to Bernardo Roman III, Esq., should be quashed.

Respectfully Submitted,

**LEWIS TEIN, P.L.**

*Counsel for the Miccosukee Tribal Court*

The Offices at Cocowalk
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Tel. (305) 442 1101
Fax (305) 442 6744

BY: _____
MICHAEL R. TEIN
Florida Bar No. 993522
tein@lewistein.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing was served by U.S. Mail and facsimile this 18th day of September, 2006, upon the following:

Davisson Dunlap, Esq.
Dunlap, Toole, Shipman & Whitney, P.A.
2065 Thomasville Road, Suite 102
Tallahassee, Florida 32308

Patrick J. O'Connor, Esq.
Squire, Sanders & Dempsey L.L.P.
200 South Biscayne Blvd., Suite 4000
Miami, Florida 33131

_____
MICHAEL TEIN