UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22774-CIV-UNGARO-BENAGES
Magistrate Judge O'Sullivan

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA,

      Plaintiff,
vs.

KRAUS-ANDERSON CONSTRUCTION
COMPANY,

      Defendant.
_____/



## PROTECTIVE ORDER

This cause came to be heard on the Motions for Protective Order filed by the Miccosukee Tribe of Indians of Florida (hereinafter "the Plaintiff" or "the Tribe"), and the Defendant Kraus-Anderson Construction Co., Inc. (hereinafter "the Defendant"). The parties to this action shall be collectively referred to as "the Parties." From the Parties' submissions, the Court finds:

    I.    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. On August 18, 2006, the Honorable John O'Sullivan entered Omnibus Order (Docket 124), which Order was received by the undersigned on August 22.

B. By the terms of that Order, certain Interrogatory Answers were required to be executed, and documents produced by Friday, August 25, 2006.

C. In that regard, it is anticipated that this information will be of a highly confidential nature, both to the Tribe and to the members of the Tribe's Tribal Court. At the hearing held before Magistrate Judge O'Sullivan on August 18, 2006; (a) counsel for the defendant indicated it would agree to suitable safeguards to ensure that the interrogatory answers and the documents

in question would not be made available to any person or party beyond the needs of the defendants, (b) the Court indicated that protections would be afforded to confidential materials, and (c) the Plaintiff therefore requests an order be entered confirming the same.

D. The terms and conditions of this Order shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas, which is confidential in nature.

Therefore it is ORDERED as followed:

II. **ORDER**

1. In producing documents in response to any discovery request the Parties may designate such documents as being "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "ATTORNEYS EYES ONLY," and such designation shall be limited to information that any Party, in good faith, believes to contain information that should otherwise be subject to confidential treatment.

2. Because of the highly confidential nature of this matter, the Plaintiff requests that all such materials be used and disclosed solely for the purposes of these proceedings, and in accordance with the terms of the following proposed parameters:

> a. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information. Documents produced in this action may be designated by any party as "Confidential" or "Highly Confidential" by marking each page of the designated documents with a stamp stating "Confidential" or "Highly Confidential" and/or by segregating those documents into binders

containing the legend: "Highly Confidential: Exempt From Disclosure Under Public Records Act, Pursuant to Court Order".

b. Any person or Party receiving information designated as "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL", who receives a request or subpoena for production or disclosure of that information, shall promptly give notice by facsimile to counsel for the producing party identifying the information sought and enclosing a copy of the subpoena or request. The person or Party receiving that Subpoena or Request shall not produce or disclose the requested information without the consent or re-designation of the producing party, or further Order of this Court. Counsel for the Party receiving a request for any of the designated information shall also inform any person who requests the disclosure of that information, of the terms of this Order, as well as its obligation to comply with the terms of this Order.

c. The Parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all Parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may re-designate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL" information. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such request for relief can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

    d. Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" or "HIGHLY CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" and bear the caption of the Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated

    e. At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

    f. Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

      (1) in-house counsel of a named party who have executed an appropriate Certification may have access to all "HIGHLY CONFIDENTIAL" information;

      (2) outside counsel representing a named party in the Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

      (3) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes an appropriate Certification;

      (4) an expert or consultant who (i) is retained by any attorney to assist with of the Litigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party; and (iii) such expert or consultant executes an appropriate Certification;

      (5) during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document;

      (6) the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

3. All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in accordance with the terms of this Order, which comes into the possession of a Party to the Litigation, shall be used or disclosed solely for the purpose of the Litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" and "ATTORNEYS EYES ONLY" information shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by Court Order.

4. "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" and "ATTORNEYS EYES ONLY" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information a bout the producing party's business, products, practices and procedures.

5. In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or testifying party or person, including third parties, will make such designation only as to that information that it in good faith believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the Litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the

document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6. Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" or "HIGHLY CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" and bear the caption of the Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

7. At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

8. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

9. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

10. A producing person or entity who is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents or things that such producing person or entity has produced or provided in the action.

11. This Order shall survive the termination of this litigation and shall continue in full force and effect thereafter.

12. After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of the Litigation, at the request of the producing party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the producing party's counsel. As to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

13. Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or for a modification of this Order.

Dated: 9/26, 2006.

_____
Magistrate John O'Sullivan

copies to:
Patrick O'Connor/Norman Davis
Dana Toole/Davisson F. Dunlap, Jr.
Michael Tein/Guy Lewis
Court File

## CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order in *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Construction Company*, pending in the United States District Court for the Southern District of Florida, Case No. 04-22774-CIV-UNGARO-BENAGES, dated _____, 20__ (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order, and I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order.

I agree that the United States District Court for the Southern District of Florida has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 20__

_____

_____
[Print Name]

_____
[Company]

_____
[Address]