UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22774-CIV-UNGARO-BENGAGES/O'SULLIVAN

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

    Plaintiff,

vs.

KRAUS-ANDERSON
CONSTRUCTION COMPANY,

    Defendant.
_____/

### DEFENDANT KRAUS-ANDERSON'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DEPOSITION TESTIMONY BY TRIBAL JUDGES, AND RESPONSE TO PLAINTIFF'S THIRD MOTION FOR PROTECTIVE ORDER

Defendant, KRAUS-ANDERSON ("KA"), submits this reply in support of its Motion to Compel Deposition Testimony by Tribal Judges, which also suffices as a response to the Tribe's Third Motion for Protective Order.

In its combined motion and response, the Tribe makes essentially two arguments: (1) The Tribal Judges should not be deposed because their decision-making processes are protected, and (2) KA already has sufficient information about the Tribal Judges' compensation and no further discovery is necessary. KA hopes that the Court is similarly dismayed, as KA is, at the Tribe's persistence in thwarting legitimate discovery and in ignoring rulings by the Court.

<u>The Decision-Making Processes</u>

The Tribal Judges' decision-making processes are not a target of KA's discovery – they never has been – and the matter was disposed of by the Court long ago. Magistrate Judge O'Sullivan ruled at a hearing on August 18, 2006, after a long discussion on the thought

processes of the tribal judges, as follows: "I agree with you that the thought processes are protected, but I don't think the evidence . . . relating to the impartiality of the judges is protected based upon Judge Ungaro's ruling." Tr. 39-40. About that ruling, Judge O'Sullivan said: "Judge Ungaro has ruled that the affirmative defenses which relate to the lack of impartial tribune, the influence of the business council, the financial stake of the judges, the business relationship between the judges and the witnesses and the Tribal Court's ex-parte investigation are to stand . . . ." Tr. 12. While the hearing focused primarily on document requests and interrogatories, the ruling is easily applied to depositions.[1]

In a letter to Kraus-Anderson counsel dated September 1, 2006, the Tribe's counsel referred to KA's notice of depositions for the Tribal Judges and said: "[W]e will check with the deponents you have requested concerning their availability, and their availability on the dates you have noticed them for deposition, and will advise you of any problems as soon as we have word." A copy of the letter is attached to this memorandum.

The Tribe is simply not warranted in seeking to bar deposition testimony by the Tribal Judges.

### The Judges' Compensation

The Tribe then proposes, in a three-page narrative, that KA has all the information about the Tribal Judges that it needs. That is because, says the motion, the Tribe has provided certain limited information as to the Tribal Judges' compensation. The Tribe has no right to predict or assume what KA seeks to learn in a deposition. KA's interests, while not involving decision-making thought processes, go far beyond the compensation information KA possesses.

---

[1] In the Tribe's own motion, at page 2, the Tribe acknowledges that "a judge enjoys no special privilege from being subpoenaed as a witness." Where decision-making is not the subject of the interrogation, that certainly is true.

This is another blatant illustration of the Tribe's two-sided foray into this federal court. The Tribe wants its judgment recognized, but it steadfastly – repeatedly – denies the Defendant a fair opportunity to examine due process and judicial partiality issues. In fighting discovery so militantly, the Tribe flouts the rules of procedure and the ruling of this Court.

Conclusion

The Court should grant KA's motion to compel deposition testimony by the Tribal Judges, and should deny the Tribe's third motion for a protective order.

SQUIRE, SANDERS & DEMPSEY, LLP
Counsel for the Defendant

Norman Davis   FBN 475335
Patrick J. O'Connor FBN 715778
200 S. Biscayne Boulevard
Suite 4000
Miami, FL 33131
305-577-2988 phone
305-577-7001 fax

## Certificate of Service

I certify that a copy of the foregoing motion was served by mail this 5th day of October, 2006, on the following:

Michael R. Tein, Esq.
3059 Grand Avenue, Suite 340
Coconut Grove, FL 33133

Davisson Dunlap, Esq.
Dunlap, Toole, Shipman & Whitney, P.A.
2065 Thomasville Road, Suite 102
Tallahassee, FL 32308

_____
Patrick J. O'Connor

# **EXHIBIT A**

# DUNLAP, TOOLE, SHIPMAN & WHITNEY, P.A.
## LAWYERS

DAVISSON F. DUNLAP, JR.
DANA G. TOOLE
GARY A. SHIPMAN
WILLIAM E. WHITNEY

2065 THOMASVILLE ROAD, SUITE 102
TALLAHASSEE, FLORIDA 32308
PHONE: (850) 385-5000
FAX: (850) 385-7636

5399 EAST HIGHWAY 30-A, SUITE 8
SANTA ROSA BEACH, FLORIDA 32459
PHONE: (850) 231-3315
FAX: (850) 231-5816

DAVISSON F. DUNLAP, III
DAVID H. MILAM
JAMES R. CAVES, III
DAVISSON F. DUNLAP, OF COUNSEL

REPLY TO: TALLAHASSEE

September 1, 2006

VIA FACSIMILE
305-577-7001

Norman Davis, Esquire
Patrick J. O'Connor, Esquire
Squire, Sanders & Dempsey, LLP
200 South Biscayne Blvd., Ste. 4000
Miami, Florida 33131-2398

RE: Miccosukee Tribe v. Kraus-Anderson
    USDC SD Fla. 04-22774-civ-Ungaro-Benages

Dear Patrick:

I received your August 30 correspondence. In no certain order of importance:

1. Given the assurances contained in your letter, we will check with the deponents you have requested concerning their availability, and their availability on the dates you have noticed them for deposition, and will advise you of any problems as soon as we have word.

2. If you would, please advise as to when you have obtained service of process upon Mr. Roman, in that we have previously advised you of that necessity.

3. Insofar as the compensation paid to the Tribal Court judges for the trial of this matter, it is my belief that we have fully answered your question, insofar as the actual compensation they received for the trial of this matter. In that regard, we have not yet received from the Tribe the information needed to quantify the total compensation paid to them for the years 2001-04. Obviously, if you wish to take this up with the Magistrate Judge, please feel free to do so.

4. With respect to Colley Billie's employment file, I believe you have received the papers filed by his counsel, Michael Tein, in connection with your request. Hopefully, once Mr. Tein completes his review and has provided us with that information, we will be in a position to provide that information soon.

5. Finally, with respect to interrogatory 2, which requests that:

    Please list and describe any employment or position for which compensation was received related to the Contracts, the parties' performance thereunder, the resort hotel and convention center, the halfway house, clinic and judicial

Mr. Patrick O'Connor
Miccosukee Tribe v. Kraus Anderson
September 1, 2006, Page 2 of 2

building, and the school, for each of the members of the Miccosukee Business Council and the Tribal Court Judges for the Relevant Time Period.

While Colley Billie has received a salary as the Director of Poker, and both he and Minnie Bert have received compensation as Tribal Court judges, neither received compensation relating to "...the contracts, the parties' performance thereunder..." and the other conjunctive items listed in this interrogatory.

Perhaps we have missed the point as to exactly what you are looking for, but if you could call while we are awaiting the other information you have requested, we can hopefully clear up all such matters.

With best regards,

Dana G. Toole

cc: Dave Dunlap, Jr.
Dionè Carroll
Julio Martinez