UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22774-CIV-UNGARO-BENAGES/O'SULLIVAN

MICCOSUKEE TRIBE OF
INDIANS OF FLORIDA,

      Plaintiff,

v.

KRAUS-ANDERSON
CONSTRUCTION COMPANY,

      Defendant.
_____/

## NON-PARTY TRIBAL COURT'S REPLY IN SUPPORT OF
## MOTION TO QUASH SUBPOENA OF BERNARDO ROMAN III, ESQ.

1. Kraus-Anderson claims that this Court has already authorized Roman's deposition, thereby implicitly rejecting each of his objections (Def. Resp. at 3). Kraus-Anderson does not cite to any such ruling in the record. We know of none. This argument is specious.

2. Kraus-Anderson next argues that Roman cannot avail himself of sovereign immunity to avoid compliance with the non-party subpoena because the Tribe waived that immunity by filing this action. This Court already rejected this argument, finding that the Tribe has not waived sovereign immunity in this case by filing this lawsuit (DE 22 at 6) (order granting Tribe's motion for summary judgment on the counterclaim on the basis of sovereign immunity).

3.  Kraus-Anderson then argues, in effect, that because the Miccosukee Tribe filed suit to enforce a judgment of the Tribal Court, any *judicial* immunity that otherwise would have protected judicial law clerks from discovery is vitiated (Def. Resp. at 4). Kraus-Anderson fails to cite a single case to support this proposition. There is simply no authority for the proposition that judges and their law clerks lose their judicial immunity when their sovereign sues.

4.  Kraus-Anderson next asserts that the judicial privilege applies only to the thought processes that led to the Tribal Court's judgment, processes about which Kraus-Anderson claims it is not seeking discovery (Def. Resp. at 4). A review of Kraus-Anderson's subpoena reveals otherwise, however. The subpoena requests the production of all documents "related to the substantive and procedural law applied by the Tribal Court," all documents "related to written or oral communications between [Roman] and any third party . . . related to this case," and all documents "relating to evidence submitted in the Tribal Court Proceedings." Ex. A, Doc. Req. Nos. 3, 4 & 5. These materials, which reflect the mental impressions of Tribal Court judges and their judicial law clerk, specifically relate to the judges' thought processes in this and other cases. They clearly fall within the judicial privilege and therefore are protected from disclosure.

5.  Kraus-Anderson also disputes that its subpoena is unduly burdensome, arguing that it merely requires Roman to produce a discrete group of

documents, the vast majority of which, it claims, are not privileged (Def. Resp. at 5). A review of the document list annexed to the subpoena belies this. Kraus-Anderson's subpoena seeks "any and all documents" related to several broad categories, including many that encompass voluminous privileged materials. *See, e.g.,* Ex. A, Doc. Req. Nos. 2 & 7 (seeking all documents concerning communications between Roman and the Tribe or its counsel, and all documents concerning all other Tribal Court cases in which Roman has been involved). To require Roman, as a non-party judicial law clerk, to cull through all of his records, create lengthy privilege logs, and produce masses of non-privileged materials of questionable relevance to this case would impose a time-consuming, costly burden upon him.

  6. Two final "housekeeping" points. One, the motion to quash was filed not by Roman individually, as Kraus-Anderson suggests (Def. Resp. at 1). It was filed by the Tribal Court. Two, Kraus-Anderson claims that the filing of this motion just two days before Roman's scheduled deposition "derailed Roman's testimony" (Def. Resp. at 2). In reality, however, Kraus-Anderson was on notice as early as September 7 (one day after the Roman subpoena issued) that the Tribal Court would be moving to quash that subpoena.

WHEREFORE, for the reasons set forth herein and in the Tribal Court's opening memorandum, the subpoena directed to Bernardo Roman III, Esq., should be quashed.

Respectfully Submitted,

**LEWIS TEIN, P.L.**

*Counsel for the
Miccosukee Tribal Court*

The Offices at Cocowalk
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Tel. (305) 442 1101
Fax (305) 442 6744

BY: _____
MICHAEL R. TEIN
Florida Bar No. 993522
tein@lewistein.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing was served by U.S. Mail and facsimile this 5th day of October, 2006, upon the following:

Davisson Dunlap, Esq.
Dunlap, Toole, Shipman & Whitney, P.A.
2065 Thomasville Road, Suite 102
Tallahassee, Florida 32308

Norman Davis, Esq.
Patrick J. O'Connor, Esq.
Squire, Sanders & Dempsey, L.L.P.
200 South Biscayne Blvd., Suite 4000
Miami, Florida 33131

_____
MICHAEL R. TEIN

Issued by the
# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

**MICCOSUKEE TRIBE OF INDIANS OF FLORIDA**
v.
**KRAUS-ANDERSON CONSTRUCTION COMPANY**

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:
04-22774-CIV-UNGARO-BENAGES/O'SULLIVAN

TO: Bernardo Roman III, Esq.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Veritext, L.L.C.<br>1020 Biscayne Building<br>19 West Flagler Street<br>Miami, Florida 33130 | September 12, 2006<br>at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED SCHEDULE "A"

| PLACE | DATE AND TIME |
|---|---|
| Same as above. | Same as above. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] ATTORNEY FOR DEFENDANT | 9/6/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
PATRICK J. O'CONNOR
SQUIRE SANDERS + DEMPSEY LLP
200 BISCAYNE BLVD. STE. 4000
MIAMI, FL 33131
(305) 577-7000

**EXHIBIT A**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|   | DATE | PLACE |
|---|------|-------|

SERVED

|   |   |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

|   |   |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3) (A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A TO SUBPOENA TO BERNARDO ROMAN III, ESQ.

### DEFINITIONS

As used below, the following words shall have the meanings indicated:

1. The term "Business Council" shall refer to the Miccosukee Business Council.

2. The term "documents" means each document or group of documents that are known to you or that can be located or discovered by reasonable diligent efforts. In addition, the word "document" shall mean any writing (handwritten or typed), recording, computer-stored information (including data compilations), photograph, graphic matter, or other sources of electronically or magnetically maintained information in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, e-mails, facsimiles, memoranda, notes, drawings, graphs, charts, photographs, messages, diaries, agendas, rolodexes, address books, minutes, books, notebooks, reports, charts, ledgers, invoices, bills, bank statements, financial statements, computer printouts, computer discs, microfilms, microfiche, hard-drives, video tapes or tape recordings, license agreements, contracts, agreements and all drafts, notes, or preparatory material concerned with said document and every additional copy of such record or document where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. "Document" also shall be deemed to include any summary of a document or documents described herein.

3. The term "Miccosukee Tribe" shall refer to Plaintiff Miccosukee Tribe of Indians of Florida and any of its affiliated corporations, officers, agents, servants, employees, and representatives.

4. The words "relate to" or "relating to" shall mean and include, constituting, compromising, consisting of, containing, referring to, pertaining to, proposing, evidencing, reflecting, describing, disclosing, mentioning, explaining, summarizing, setting forth, identifying, analyzing, touching upon, affecting, concerning, or has anything to do with, and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

5. "Trial Decision" shall refer to the formal, 166-page judgment of the Tribal Court issued on June 18, 2004.

6. "Tribal Court" shall refer to the Miccosukee Tribal Court.

7. "Tribal Court Proceedings" shall refer to formal proceedings before the Tribal Court that resulted in the issuance of the Trial Decision.

8. The words "you" and/or "your" mean Bernardo Roman III, as well as any former or current agents, attorneys, representatives, or any other persons acting (or who act or have acted) or purport to act on behalf of Mr. Roman.

9. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

## DOCUMENTS REQUESTED

Bring all documents described below that are within your possession, custody or control.

1. Any and all transcripts of any deposition testimony or trial testimony given by you in any legal or arbitration proceeding involving the Miccosukee Tribe.

2. Any and all documents related to written or oral communications between you and the Plaintiff herein or their counsel.

3. Any and all documents related to written or oral communications between you and any third party (other than as revealed in response to Item 3 above) related to this case.

4. Any and all documents relating to evidence submitted in the Tribal Court Proceedings, including any docket sheet or list reflecting evidence submitted by the parties thereto.

5. Any and all documents related to the substantive and procedural law applied by the Tribal Court, the Business Council, and/or the Miccosukee Court of Appeals.

6. Any and all documents related to communications between the Tribal Court Judges and the members of the Business Council, including Chairman Billy Cypress, related to the Tribal Court Proceedings or Kraus-Anderson's attempted appeal thereof.

7. Any and all documents identifying other cases on which you have performed services for the Plaintiff or the law firms representing the Plaintiff in this case.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com