JC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22774-CIV-UNGARO-BENAGES/O'SULLIVAN

MICCOSUKEE TRIBE OF
INDIANS OF FLORIDA,

       Plaintiff,

v.

KRAUS-ANDERSON
CONSTRUCTION COMPANY,

       Defendant.

                         /

## TRIBAL COURT'S RESPONSE TO
## KRAUS-ANDERSON'S EMERGENCY MOTION
## <u>TO COMPEL DEPOSITIONS OF TRIBAL JUDGES</u>

The Tribal Court of the Miccosukee Tribe of Indians of Florida, a non-party, hereby responds to Kraus-Anderson's Emergency Motion to Compel Deposition Testimony by Tribal Judges Colley Billie and Minnie Bert:

### <u>FACTS</u>

1.   On August 30, 2006, Kraus-Anderson Construction Company ("Kraus-Anderson") faxed notices of deposition for Tribal Judges Collie Billie and Minnie Bert to the Miccosukee Tribe of Indians of Florida ("Miccosukee Tribe"). *See* Ex. A.

2.     On September 15, 2006, counsel for the Tribal Court advised that Judges Billie and Bert would not be appearing for the noticed depositions because: (i) the Tribal Judges had not been served with subpoenas; and (ii) the Tribal Judges were not "managing agents" of the Tribe such that they could be compelled to testify based on notices of deposition sent to the Tribe. *See* Ex. B.

3.     On September 26, 2006, Kraus-Anderson filed an "emergency" motion to compel Judges Billie and Bert to appear for deposition.

4.     On the same day, Kraus-Anderson re-noticed the depositions for Judges Billie and Bert for October 11, 2006.  On October 3, 2006, Kraus-Anderson re-noticed the Judges' depositions for October 18, 2006. *See* Ex. C.

5.     Judges Billie and Bert are judges of the Tribal Court of the Miccosukee Tribe of Indians of Florida (the "Tribal Court). The Tribal Court, is not a party to this lawsuit.  It is a branch of tribal government independent and separate from the Tribe's political and executive bodies.[1]

---

[1] Title I of the Miccosukee Law and Order Code establishes an independent Tribal Court and Court of Appeals:

"TITLE I
"MICCOSUKEE COURT
"Section 1.  Establishment.  The judicial power of the Miccosukee Tribe of Indians of Florida (hereinafter "the Tribe") is vested in the Miccosukee Court and the Miccosukee Court of Appeals."

Title I, MICCOSUKEE LAW AND ORDER CODE, Section 1 (attached hereto as Ex. D).

## **ARGUMENT**

Kraus-Anderson's motion to compel should be denied because: (1) notices of deposition are ineffective to compel the depositions of Tribal Judges Billie and Bert, both non-parties to this action; (2) the doctrine of judicial immunity shields Tribal Court judges from discovery calling for testimony in their official capacities; (3) the doctrine of sovereign immunity renders employees of an Indian tribe immune from discovery calling for testimony in their official capacities; and (4) judicial privilege protects communications among Tribal Court judges.

## I.   **Non-Parties Cannot Be Compelled to Appear Upon "Notice."**

As non-parties to this action, Tribal Judges Billie and Bert may only be compelled to appear for deposition upon proper service of subpoenas.

Under FED. R. CIV. P. 30(b)(1), a notice of deposition can compel the attendance of a ***party*** to an action, and no subpoena is necessary.  When that party is a corporation, Rule 30(b)(1) requires its officers, directors, and managing agents to appear for deposition upon notice, without subpoena.  *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D 625, 627 (C.D. Cal. 2005) ("Rule 30(b)(1) provides for the deposition by notice of a corporation through a particular officer, director or managing agent of a corporation.").  If a named deponent is not an officer, director, or managing agent of the party-corporation, a notice of deposition is insufficient to

compel her attendance. *See JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004) ("A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice."). Non-parties must be subpoenaed. *See* Fed. R. Civ. P. 30(a)(1) ("The attendance of witnesses may be compelled by subpoena as provided in Rule 45.").

Judges Billie and Bert are not parties to this suit. Neither are they officers, directors, or managing agents of a party. They are judges sitting on the Tribal Court, which is an independent branch of government of the Tribe. As non-parties, they must be served with subpoenas in order to compel their appearance at any proceeding.

Kraus-Anderson argues that Tribal Court is the same entity as the Tribe itself. (Indeed, this appears to be their ultimate defense in this case.) They claim that the Tribe's Constitution and Bylaws "make[] no mention of the Tribal Court" (Def. Mot. to Com. at 3) and, based on that putative omission alone, argue that the Tribal Court is indistinguishable from the Tribe.

This is wrong. Title I of the Miccosukee Law and Order Code establishes an independent Tribal Court and Court of Appeals:

"TITLE I
"MICCOSUKEE COURT

> "Section 1. Establishment. The judicial power of the Miccosukee Tribe of Indians of Florida (hereinafter "the Tribe") is vested in the Miccosukee Court and the Miccosukee Court of Appeals."

Title I, MICCOSUKEE LAW AND ORDER CODE, Section 1 (attached hereto as Ex. D). Accordingly, the Tribe's own enabling legislation (the sole source of Kraus-Anderson's argument on this point), itself shows that the Tribal Court is a branch of government distinct from the Tribe. Kraus-Anderson has proffered no competent evidence to contradict this proposition.

Having failed to show that the Tribal Court is the same entity as the Tribe, Kraus-Anderson argues that Tribal Judges "need not be designated as managing agents of the Tribe" for a notice of deposition to be effective because the Tribe is not a "corporation" (Def. Mot. to Comp. at 2). The limitations on Rule 30, however, apply with equal force to a sovereign, despite that it is not a "corporation." *See McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.C. Cir. 1999) (finding that there is no reason to preclude the application of Rule 30(b)(6), which is customarily used to notice the deposition of a corporation, to Iran, a sovereign).

In sum, because the Tribal Court is not a party to this action, Kraus-Anderson cannot avail itself of the privilege of compelling the appearance of Tribal Court Judges based on a Rule 30 notice served on the Tribe. Instead, Kraus-Anderson must properly serve subpoenas to compel their depositions.

## II.     Judicial Immunity Bars Enforcement
## Of the Tribal Judges' Notice of Deposition.

Because these notices of deposition are directed to Tribal Judges, the doctrine of judicial immunity prevents their enforcement.

Judges are immune from discovery when the scope of discovery relates to the judges' mental processes in judging. *See United States v. Morgan*, 313 U.S. 409, 422 (1941) (concluding that any examination into the mental processes of a judge would be destructive of judicial responsibility); *United States v. Harvey*, 544 F. Supp. 189, 191 (S.D. Fla. 1982) (holding that "[t]he mental processes of a judge are not the proper subject of compelled testimony"); and *Baldi v. Broderick*, No. 04-CV-466-PB, 2006 WL 1134922, at*2 (D.N.H. Apr. 27, 2006) (finding that "[t]he decision-making or mental processes of judges is not subject to discovery"). Were a judge "vulnerable to subpoena as to the basis of every action taken by him, the judiciary would be open to frivolous attacks upon its dignity and integrity, and . . . interruption of its ordinary and proper functioning." *United States v. Iannello*, 740 F. Supp. 171, 187 (S.D.N.Y. 1990) (refusing to require a trial judge to give oral testimony and submit to cross-examination).

This protection applies with special force when judges are non-parties. *See Harvey*, 544 F. Supp. at 190 (quashing subpoena requesting that a district court

judge appear as a witness); *Baldi*, 2006 WL 1134922 at *2 (quashing subpoenas of four judges who were no longer parties to the action).

Indeed, Kraus-Anderson concedes that judicial immunity protects judges from discovery, even when they are non-party witnesses, and concedes that "the Court has foreclosed testimony in that area." *See* Resp. to Bernando Roman's Motion to Quash, at 4 (DE # 147, attached hereto as Ex. E). Kraus-Anderson nevertheless contends that judicial immunity does not apply here because they are not seeking testimony about the mental processes of the Tribal Judges. *Id.*

Their related subpoena *duces tecum* to the Tribal Court's judicial law clerk, contradicts them on this point. *See* Subpoena Duces Tecum to Bernardo Roman, III, Esq., at 2-3 (attached hereto as Ex. F). That subpoena sets out seven broad categories of requested documents, most of which relate to the mental processes of the Tribal Judges. *Id.* at 2-3. More specifically, the subpoena requests the production of all documents "related to the substantive and procedural law applied by the Tribal Court," all documents "related to written or oral communications between [Roman] and any third party . . . related to this case," and all documents "relating to evidence submitted in the Tribal Court Proceedings." (Ex. F, Doc. Req. Nos. 3, 4 & 5). These materials bear directly on the mental processes of the Tribal Court judges in judging this and other cases.

Kraus-Anderson's announced intent to seek evidence from the Tribal Court's judicial law clerk about the Tribal Judges' communications in Tribal proceedings, strongly suggests that the Tribal Judges will be subjected to similar questioning.   Accordingly, the doctrine of judicial immunity applies.

### III.   Sovereign Immunity Requires That the Notices of Deposition Be Quashed.

This Court has already found that, as a federally recognized Indian tribe, the Miccosukee Tribe is immune from suit under the doctrine of sovereign immunity. *See* DE 22 at 6 (finding that plaintiff did not waive sovereign immunity in filing this lawsuit and striking counterclaim).   *See also, Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) (concluding that tribes do not waive sovereign immunity merely by filing suit; rather sovereign immunity bars suits against tribes "absent a clear waiver by the tribe or congressional abrogation); *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1030 n.28 (11th Cir. 1995) ("*Tamiami Partners I*") ("Absent tribal waiver or congressional abrogation, an Indian tribe is shielded from suit by sovereign immunity.").

Employees of any branch of a tribe are protected by sovereign immunity when acting in their official capacity. *See Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1225 (11th Cir. 1999) ("*Tamiami Partners II*") (finding that the district court erred in rejecting the individual defendants'

claims of sovereign immunity). As judges of the Tribal Court, Judge Billie and Judge Bert are officials of that Court. Accordingly, like a tribe itself, when acting in their official capacity, they are entitled to the protections of the doctrine of sovereign immunity.

In a case squarely on point, *United States v. Kaufman*, 980 F. Supp. 1247, 1250 (S.D. Fla. 1997) (Graham, J.), this Court specifically held that sovereign immunity protects judges from submitting to discovery. In *Kaufman*, a Florida Bar grievance committee, while investigating F. Lee Bailey for unethical behavior, issued a subpoena directed to United States District Judge Maurice Paul, an Article III judge sitting in the Northern District of Florida, who was presiding over a case relating to Bailey's conduct. This Court quashed and "forever barred" the grievance committee from enforcing the subpoena. *Id.* at 1252. This Court based its decision on the doctrine of sovereign immunity and rejected the identical arguments that Kraus-Anderson makes here:

> The Florida Bar contends that the subpoena issued against Judge Paul does not implicate sovereign immunity because it does not inquire into Judge Paul's mental process in the course of reaching a decision. Plaintiff asserts that the subpoena does not operate against the public treasury, does not seek to restrain the government from acting or to compel it to act, and would not interfere in any way with Judge Paul's performance of his official duties as a judge.
>
> The Court does not accept the Defendant's characterization of the subpoena and finds that it was intended to compel Judge Paul to act. . . . The subpoena stated that if Judge Paul failed to "appear, testify and produce the records hereinabove specified, as herein

required, [he] will be deemed to be in contempt of the Supreme Court of Florida." Accordingly, Defendant's contention, that the subpoena did not compel Judge Paul to act, is without merit.

*Kaufman,* 980 F. Supp. at 1250-51. *Kaufman* is indistinguishable from the issue at bar. *See also, United States v. James*, 980 F.2d 1314, 1319 (9th Cir. 1992) (quashing subpoena to employees of an Indian tribe for testimony about their official duties, based on doctrine of tribal sovereign immunity); *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78 (S.D.N.Y 2002) (same). Accordingly, this Court should follow *Kaufman* and quash these subpoenas.

## IV.   Judicial Privilege Protects the Tribal Court and its Officials from Disclosing Judicial Communications and Related Documents.

Beyond tribal sovereign immunity and judicial immunity, judicial privilege protects Tribal judges from disclosing privileged communications and documents relating to the Tribal Court.

The Eleventh Circuit holds that a qualified privilege exists "protecting confidential communications among judges and their staffs in the performance of their judicial duties." *Matter of Certain Complaints Under Investigation by an Investigating Comm. of the Judicial Council of the Eleventh Circuit* ["*Matter*"], 783 F.2d 1488, 1520 (11th Cir. 1986). This privilege protects "the framing and researching of opinions, orders, and rulings." *Id.*

Judge Billie and Judge Bert are judges of the Tribal Court. The testimony that Kraus-Anderson is requesting relates to their work on the Tribal Court. This work is subject to the judicial privilege.

WHEREFORE, Kraus-Anderson's motion to compel deposition testimony of Tribal Judge Billie and Tribal Judge Bert should be denied.

Respectfully Submitted,

**LEWIS TEIN, P.L.**

*Counsel for the*
*Miccosukee Tribal Court*

The Offices at Cocowalk
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Tel. (305) 442 1101
Fax (305) 442 6744

BY:  _____
MICHAEL R. TEIN
Florida Bar No.: 993522
tein@lewistein.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing was served by U.S. Mail and facsimile on October 6, 2006, upon all persons listed on the following service list.

_____
MICHAEL R. TEIN

## SERVICE LIST

Davisson Dunlap, Esq.
Dunlap, Toole, Shipman & Whitney, P.A.
2065 Thomasville Road, Suite 102
Tallahassee, Florida  32308

Patrick J. O'Connor, Esq.
Squire, Sanders & Dempsey L.L.P.
200 South Biscayne Blvd., Suite 4000
Miami, Florida  33131

# EXHIBIT  A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 04-22774-CIV-UNGARO-BENAGES
Magistrate Judge O'Sullivan

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

     Plaintiff,

vs.

KRAUS-ANDERSON CONSTRUCTION
COMPANY,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF TAKING DEPOSITIONS

PLEASE TAKE NOTICE that pursuant to all applicable laws and the Federal Rules of

Civil Procedure, the undersigned attorneys will take the depositions of the following individuals:

| NAME | DATE AND TIME | PLACE |
|---|---|---|
| Mr. Bernie Roman, Esq. | September 12, 2006 9:00 am | Veritext, L.L.C.[1] 1020 Biscayne Building 19 West Flagler Street Miami, Florida 33130 |
| Mr. Julio Martinez | September 18, 2006 9:00 am | Veritext, L.L.C. 1020 Biscayne Building 19 West Flagler Street Miami, Florida 33130 |
| Mr. Jasper Nelson | September 18, 2006 12:00 pm | Veritext, L.L.C. 1020 Biscayne Building 19 West Flagler Street Miami, Florida 33130 |

[1] Kraus-Anderson has preliminarily reserved a conference room at a neutral site, the Miami offices of Veritext, L.L.C. However, it is suggested that all parties might be more comfortable if the depositions were to occur at the offices of Squire Sanders & Dempsey LLP, 200 South Biscayne Boulevard, Suite 4000, Miami, Florida 33131. Please advise as to the Tribe's amenability to this proposed change of venue.

SQUIRE, SANDERS & DEMPSEY L.L.P.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

| NAME | DATE AND TIME | PLACE |
|------|---------------|-------|
| Mr. Andrew Bert, Sr. | September 18, 2006 3:00 pm | Veritext, L.L.C. 1020 Biscayne Building 19 West Flagler Street Miami, Florida 33130 |
| Mr. Colley Billie | September 19, 2006 9:00 am | Veritext, L.L.C. 1020 Biscayne Building 19 West Flagler Street Miami, Florida 33130 |
| Ms. Minnie Bert | September 19, 2006 1:00 pm | Veritext, L.L.C. 1020 Biscayne Building 19 West Flagler Street Miami, Florida 33130 |

upon oral examination before one or more reporters of Veritext, L.L.C., an authorized court reporting service.

Each deposition is being taken for the purpose of discovery, for use at trial, or for any other purposes as are permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Southern District of Florida.

PLEASE BE GOVERNED ACCORDINGLY.

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact Sylvia Pernas at Squire, Sanders & Dempsey LLP, no later than five days prior to the proceeding. Please telephone (305) 577-7000 for assistance; if hearing impaired, telephone 1-800-955-8771.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

Dated August 30, 2006

Respectfully submitted,

SQUIRE SANDERS & DEMPSEY LLP
200 South Biscayne Boulevard
Suite 4000
Miami, FL 33131-2398
305.577.7000
305.577.7001 Facsimile

By: _____
     Norman Davis
     Florida Bar No. 475335
     Patrick J. O'Connor
     Florida Bar No. 715778

Attorneys for Defendant Kraus-Anderson
Construction Company

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

# EXHIBIT  B

# LEWIS TEIN PL
ATTORNEYS AT LAW

September 15, 2006

*Via Facsimile and U.S. Mail*

Norman Davis, Esq.
Patrick J. O'Connor, Esq.
Squire, Sanders & Dempsey L.L.P.
200 South Biscayne Blvd., Suite 4000
Miami, Florida 33131
Facsimile (305) 577-7001

Re:   *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson
      Construction Company, Case No. 04-22774-Civ-Ungaro-Benages*

Dear Norman and Patrick:

This firm represents the Miccosukee Tribal Court, which is not a party to the above referenced action.

We are in receipt of your August 30, 2006 Notice of Taking Deposition, setting the depositions of Colley Billie and Minne Bert for September 19, 2006. Please be advised that neither Mr. Billie nor Ms. Bert will be appearing for deposition based on this Notice.

For one, neither Mr. Billie nor Ms. Bert have been served with this Notice. Moreover, Mr. Billie and Ms. Bert are not parties to this action. Rather, both are among the seven judges who sit on the Miccosukee Tribal Court, also a non-party. Nor have Mr. Billie or Ms. Bert been designated as managing agents of the Tribe such that they can be compelled to testify based on Notices of Deposition. Accordingly, the Notice of Taking Deposition is ineffective to compel their testimony.

LEWIS TEIN PL
ATTORNEYS AT LAW

Norman Davis, Esq.
Patrick J. O'Connor, Esq.
Page 2

If you wish to discuss this matter further, please do not hesitate to contact me. Until then, I remain

Very truly yours,

Michael R. Tein

# EXHIBIT  C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22774-CIV-UNGARO-BENAGES
Magistrate Judge O'Sullivan

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

      Plaintiff,

vs.

KRAUS-ANDERSON CONSTRUCTION
COMPANY,

      Defendant.

_____/

## DEFENDANT'S RE-NOTICE OF TAKING DEPOSITIONS

PLEASE TAKE NOTICE that pursuant to all applicable laws and the Federal Rules of

Civil Procedure, the undersigned attorneys will take the depositions of the following individuals:

| NAME | DATE AND TIME | PLACE |
|------|---------------|-------|
| Mr. Colley Billie | October 18, 2006<br>10:00 am | Veritext, L.L.C.<br>1020 Biscayne Building<br>19 West Flagler Street<br>Miami, Florida 33130 |
| Ms. Minnie Bert | October 18, 2006<br>2:00 pm | Veritext, L.L.C.<br>1020 Biscayne Building<br>19 West Flagler Street<br>Miami, Florida 33130 |

upon oral examination before one or more reporters of Veritext, L.L.C., an authorized court

reporting service.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

Each deposition is being taken for the purpose of discovery, for use at trial, or for any other purposes as are permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Southern District of Florida.

PLEASE BE GOVERNED ACCORDINGLY.

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact Sylvia Pernas at Squire, Sanders & Dempsey LLP, no later than five days prior to the proceeding. Please telephone (305) 577-7000 for assistance; if hearing impaired, telephone 1-800-955-8771.

Dated October 3, 2006

Respectfully submitted,

SQUIRE SANDERS & DEMPSEY LLP
200 South Biscayne Boulevard
Suite 4000
Miami, FL 33131-2398
305.577.7000
305.577.7001 Facsimile

By: _____

Norman Davis
Florida Bar No. 475335
Patrick J. O'Connor
Florida Bar No. 715778

Attorneys for Defendant Kraus-Anderson
Construction Company

2

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

facsimile and U.S. Mail this 3d day of October, 2006, to:

> Davisson R. Dunlap, Jr.
> Dunlap, Toole, Shipman & Whitney, LLC
> 2065 Thomasville Road, Suite 102
> Tallahassee, Florida 32308-0733
> (850) 385-7636 fax
>
> Michael Tein
> Lewis Tein P.L.
> 3059 Grand Avenue, Suite 340
> Coconut Grove, Florida 33133
> (305) 442-6744 fax
> (courtesy copy)

By: _____

Patrick J. O'Connor

SQUIRE, SANDERS & DEMPSEY L.L.P.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

# EXHIBIT  D

I-1

## TITLE I

### MICCOSUKEE COURT

**Section 1.** **Establishment.**   The judicial power of the Miccosukee Tribe of Indians of Florida (hereinafter "the Tribe") is vested in the Miccosukee Court and the Miccosukee Court of Appeals.

**Section 2.** **Jurisdiction.** As used in this Code, "Reservation" shall mean all lands held by the Tribe or held by the United States of America or the State of Florida in trust for the Tribe or for any individual member of the Tribe and the area reserved for the Tribe by Special Use Permit of the Secretary of the Interior.   The Miccosukee Court shall have jurisdiction over any offense under this Code committed by any member of the Tribe or an Indian of another tribe within the Reservation or within the area north of the Special Use Permit and south of the New Tamiami Canal.

The jurisdiction of the Miccosukee Court shall be concurrent with any valid jurisdiction of the courts of the United States, the State of Florida, or any political subdivision thereof, provided, however, that the Miccosukee Tribe does not hereby recognize, grant, or cede to any governmental body any jurisdiction which does not otherwise exist by law.

**Section 3.** **Notice of Jurisdiction.**   A notice including the statement: "Any person entering the Miccosukee Reservation consents thereby to obey the ordinances of the Miccosukee Tribe" shall be prominently displayed within fifteen feet of each public road leading into the Reservation or the Special Use Permit and shall be

I-2

in capital lettering not less than six inches high.

### Section 4.  Composition of the Miccosukee Court.

The Miccosukee Court shall consist of two Judges and an Alternate Judge.

### Section 5.  Composition of the Miccosukee Court of Appeals.

The Miccosukee Court of Appeals shall consist of the General Council of the Miccosukee Tribe.

### Section 6.  Appointment of Judges.  Each Judge shall be elected by the General Council, upon nomination by the Business Council or any member of the General Council by a majority vote. Vacancies in the Miccosukee Court by reason of death, resignation, or removal shall be filled in the manner provided for appointments. In any proceeding in which more than one Judge is disqualified pursuant to section 12, the Business Council is authorized to appoint a temporary Alternate Judge for that case.

### Section 7.  Terms of Judges.  Each Judge shall hold office for a term of four years except in case of death, resignation, or removal for cause as hereinafter provided or of the abolition of the office.

### Section 8.  Qualifications of Judges.

Sec. 8.1.  No person shall be eligible to be a Judge unless he or she:

(1) is at least 25 years of age;

(2) has never been convicted of a felony;

(3) has not been convicted of a misdemeanor during the past

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

I-3

year;

(4) is of good moral character and integrity; and

(5) is a member of the Miccosukee Tribe.

In appointing Judges (other than Alternate Judges) the General Council shall also require that one such Judge shall speak and understand the Miccosukee language and be familiar with Miccosukee Customs and the other such Judge shall speak and understand the English language, be familiar with the provisions of this Code, Federal law applicable to the Reservation and the Tribe and be capable of preparing the papers and reports incidental to the business of the Court. No two Judges (including Alternate Judges) shall be members of the same clan.

**Section 9. Judges' Oath.** Prior to taking office, each Judge shall take the following oath, which shall be administered by the Chairman: "I, _____, do solemnly swear [or affirm] that I will support the Constitution of the Miccosukee Tribe of Indians of Florida, and administer justice and safeguard the rights of the members of the Miccosukee Tribe."

**Section 10. Removal of Judges.** Any Judge of the Miccosukee Court may be removed from office by a two-thirds vote of the members present at a meeting of the General Council for neglect of duty or gross misconduct after a hearing upon five days' notice at which the Judge is given an opportunity to answer all charges and present evidence in his defense.

**Section 11. Assignment of Cases.** All cases arising under

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

I-4

this Code shall be heard by two Judges.  An Alternate Judge or
temporary Alternate Judge shall hear a case only when a Judge is
disqualified pursuant to section 12.

   **Section 12**.  **Disqualification of Judges**.  Any Judge shall be
disqualified to act in any proceeding:

   (1) in which he or she has an interest;

   (2) in which he or she is or has been a material witness; or

   (3) in which he or she is related to any party or their
       attorney by marriage or blood in the first or second
       degree.

   A Judge may be disqualified on his own motion or by the filing
of an affidavit of prejudice by any party in the proceeding.

   **Section 13**.  **Compensation of Court Personnel**.  The compen-
sation of the Judges and other personnel of the Miccosukee Court
shall be determined by the Business Council, provided that a
Judge's rate of compensation shall not be reduced during his term
of office.

   **Section 14**.  **Session; Rules of Court**.  Rules governing the
time and place of court sessions shall be as follows, unless
otherwise provided by order of the Court:

   (1) Regular sessions: At Ten (10) A.M. in the Miccosukee
       Court on the first Monday in each month unless it falls
       on a legal holiday, in which case Court shall be held on
       Tuesday.

   (2) Special sessions: At time and date provided by the Court

I-5

on three days notice posted in the Miccosukee Court provided that a preliminary hearing pursuant to section 6 of Title II may be held without such notice. Any special session to complete unfinished business of a regular session shall be at a date no earlier than one week after such regular session and shall commence at 9:00 A.M..

The Court may issue rules governing the conduct of proceedings in the Miccosukee Court not inconsistent with the provisions of this Code and forms for use in preparing complaints and other documents authorized in this Code.

**Section 15.** **Docket.** The Clerk shall keep a well-bound book, which shall be called the Docket, in which shall be entered the names of each plaintiff and defendant in any proceeding, the character of the proceedings, the date of the issuance and the return date of any process issued therein, the appearance or default of parties summoned, the date and amount of any judgement, any appeal therein, and all other proceedings therein. Any party may obtain a certified copy of such proceedings from the Clerk upon payment of the costs thereof.

**Section 16.** **Tribal Prosecuting Attorney.**

**Sec. 16.1.** The Tribal Prosecuting Attorney shall be appointed by the Business Council. The Prosecuting Attorney may be removed from office by the Business Council and vacancies shall be filled in the manner provided for appointments.

I-6

Sec. 16.2. The Prosecuting Attorney is authorized to sign and present any complaint, subpoena, affidavit, motion, or other paper on behalf of the Tribe and to take all other actions necessary to represent the Tribe as prosecutor in the Tribal Court. No person shall be appointed as Prosecuting Attorney unless he or she:

    (1)   is 21 years of age or older;

    (2)   has never been convicted of a felony and has not been convicted of a misdemeanor during the past year;

    (3)   can read, write and understand the English language and can speak and understand the Miccosukee Language;

    (4)   is of good character and integrity; and

    (5)   is familiar with the provisions of this Code and Miccosukee Court procedures applicable to the prosecution of criminal cases, Federal laws applicable to the Reservation and Miccosukee customs, and is capable of performing the duties of the Prosecuting Attorney.

**Section 17. Clerk of the Court.**

Sec. 17.1. The Clerk of the Court shall be appointed by the Business Council and may be removed from office in accordance with the personnel policies of the Tribe. Vacancies shall be filled in the manner provided for appointments.

Sec. 17.2. No person shall be appointed as Clerk of the Court unless he or she:

    (1)   is at least eighteen (18) years of age;

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

I-8

preter, or a probation or parole officer, the compensation and terms of employment thereof to be fixed by the Business Council, provided that such other Court personnel shall be supervised by and may be removed by the Judges.

**Section 20. Attorneys.**

Sec. 20.1. Professional or lay attorneys shall be admitted to practice before the Miccosukee Court upon motion by order of the Judges who shall make examination of the competence and character of applicants for admission.

Sec. 20.2. No professional attorney shall be admitted to practice before the Miccosukee Court unless he or she:

   (1)  is admitted to the practice of law in the State of
        Florida or another state or the District of Columbia;

   (2)  has never been convicted of a felony (without regard to
        the nature of the plea entered to the felony charge) and
        has not been convicted of a misdemeanor during the past
        year;

   (3)  is of good moral character; and

   (4)  demonstrates to the Court a thorough knowledge of this
        Code, Miccosukee Court procedures, Federal laws and
        regulations applicable to the Tribe, Miccosukee customs
        and the ability to speak and understand the English and
        the Miccosukee languages.

Sec. 20.3. No person not a professional attorney shall be admitted to practice before the Miccosukee Court unless he or she

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

I-9

is:

    (1)   eighteen (18) years of age or older;

    (2)   has never been convicted of a felony and has not been convicted of a misdemeanor in the past year;

    (3)   is of good moral character;

    (4)   demonstrates to the Court a thorough knowledge of this Code, Miccosukee Court procedures, Federal laws and regulations applicable to the Tribe and Miccosukee customs, and can speak and understand the English and Miccosukee languages;

    (5)   is a member of the Tribe or of another Federally-recognized American Indian tribe; and

    (6)   is not a Judge or a member of the Business Council.

**Sec. 20.4.** Any professional or lay attorney shall take the following oath as a condition of admission to practice before the Miccosukee Court:

"I,_____, do solemnly swear [or affirm] that I will support the Constitution of the Miccosukee Tribe of Indians of Florida and that I will faithfully discharge all duties incumbent on me as an attorney in the Miccosukee Court to the best of my abilities and understanding."

Admission to practice before the Miccosukee Court shall be evidenced by the issuance of a certificate to the attorney signed by the Judges.

**Sec. 20.5.** Any attorney may be disbarred after a hearing on

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

$I-10$

reasonable notice by order of the Miccosukee Court for (1)
conviction of felony (without regard to the nature of the plea
entered to the felony charge); (2) false swearing; (3) disbarment
by any Federal or State court; (4) conduct unbecoming an officer of
the Miccosukee Court or in contempt of court.

Sec. 20.6. A current roll of professional and lay attorneys
admitted to practice before the Miccosukee Court shall be
maintained by the Clerk.

Section 21. Tribal Court Fund. All sums, other than court
costs, collected as fines imposed by the Miccosukee Court, bail or
bonds, sale of confiscated items delivered in payment of fines and
any other sums collected in connection with any function of the
Miccosukee Court shall be deposited by the Clerk in the name of the
Miccosukee Tribe and shall not be used to finance the activities of
the Court, except as provided in Section 17.3. Such funds may be
appropriated by the Business Council for tribal purposes. Court
costs shall be used to finance the activities of the Court.

Section 22. Contempt. Any Judge of the Miccosukee Court may
rule a person in contempt of court if he willfully and
unjustifiably disrupts, obstructs, or otherwise interferes with the
due and orderly conduct of proceedings in the court room after
being advised by the Judge to cease. Rulings of, and sentences
for, contempt shall be announced immediately after the acts of
contempt occur. A person found in contempt of court may be
sentenced to imprisonment for a period not to exceed thirty (30)

I-11

days or to pay a fine not to exceed one hundred fifty dollars
($150), or both.

**Section 23.**  **Excuse from Court Appearance for Cultural
Reasons.**  In any case in which an appearance as a witness or
service on a jury would violate Miccosukee cultural restrictions,
any relative or other representative of such person may move the
Court to excuse such person from appearing.  The Court, after
making such investigation of the circumstances as it considers
appropriate, shall grant such a motion if it appears to the Court
that the motion is made in good faith.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

# EXHIBIT  E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22774-CIV-UNGARO-BENGAGES/O'SULLIVAN

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

       Plaintiff,

vs.

KRAUS-ANDERSON
CONSTRUCTION COMPANY,

       Defendant.

_____/

## DEFENDANT'S RESPONSE TO MOTION TO QUASH NON-PARTY SUBPOENA OF BERNARDO ROMAN III, ESQUIRE

Defendant, KRAUS-ANDERSON CONSTRUCTION COMPANY ("KA"), submits this response to the Motion to Quash Non-Party Subpoena of Bernardo Roman III, Esquire, which was filed by Roman individually.

KA urges a ruling on the motion <u>on an emergency basis</u> because the outcome is crucial to the completion of discovery by KA. The original deadline for discovery was September 22, 2006, but the Court, in an Order dated September 21, 2006, approved an extension of the deadline to October 20, 2006. The Order explicitly stated that no further extension would be allowed. KA thus has less than four weeks remaining to complete its discovery.

On July 28, 2006, KA noticed a deposition for Roman on September 6, 2006. The Tribe did not object to his appearance, but refused to produce Roman and said he would have to be

SQUIRE, SANDERS & DEMPSEY L.L.P.
*Including*
STEEL HECTOR & DAVIS LLP



served with a subpoena.[1] The Tribe nonetheless negotiated a different date for the deposition. Accordingly, KA served a subpoena on Roman, on September 11, 2006, calling for his appearance for deposition on September 20, 2006. The Tribe, for whom Roman serves as a tribal employee and judicial officer, Motion at 2, has never objected to the subpoena or the deposition (except for Roman's thought processes). The instant motion was served by Roman two business days before the scheduled deposition, and it derailed Roman's testimony.

Through counsel different from that representing the Tribe in this litigation, Roman filed a motion to quash a subpoena served on him by KA that required his appearance at a deposition. He listed four bases for such action: (1) the doctrine of sovereign immunity controls, (2) the doctrine of judicial immunity shields him, (3) judicial privilege precludes his testimony, and (4) the subpoena is burdensome and harassing. Each is addressed in turn below.

    1.    <u>Sovereign Immunity Does Not Apply Here</u>

Roman contends that the Tribe's sovereign immunity shields employees from discovery, even in actions to which they are not a party. It is true that sovereign immunity protects the Tribe, and its officers in an official capacity, against being sued unless the Tribe expressly waives the protection. In the cases cited in the motion, <u>United States v. James</u> and <u>Catskill Development, L.L.C. v. Park Place Entertainment Corp.</u>, the Indian tribes were non-parties and in effect were on the defensive, so that the sovereign immunity properly applied.

That is not the case here, where the Tribe is the plaintiff. Neither Roman nor the Tribe can cite to any authority for the proposition that the Tribe may involve itself in a judicial forum of another sovereign, and then claim, when it is convenient, that it has sovereign immunity. "[T]ribal immunity does not extend to protection from the normal process of the . . . court in

---

[1]  <u>See</u> Miccosukee Tribe's Response to Kraus-Anderson's Agreed Second Motion to Extend Discovery Deadline, served on September 21, 2006, at page 2.

which it has filed suit." Three Affiliated Tribes of the Fort Berthold Reservation v. World Engineering, 476 U.S. 877, 891 (1986). The Tribe has come to this Court with a judgment rendered by the Tribal Court, for the sole purpose of asking this Court to recognize that judgment as rendered by a sovereign entity. It cannot then turn its status as a sovereign into a shield by refusing the defendant the right to examine the adequacy of the judgment. (In his official capacity, Roman, of course, could derive sovereign immunity protection only through that afforded to his employer, who is the sovereign.)

"It would be contrary to any reasonable notion of justice to allow a plaintiff – sovereign or not – to bring an action against a defendant while precluding that defendant from defending that action." Santa Ynez Band of Mission Indians v. Vince Torres, et al., 262 F.Supp.2d 1038, 1045 (C.D.Calif. 2002) (holding that where defendant seeks no affirmative relief it can defend against action brought by tribe).

2.    This Court has Authorized the Deposition

This Court, in various rulings since the outset of the case, has said that KA is entitled to discovery as a matter of law on the major defenses of lack of due process and partiality of the tribal judiciary. Roman's deposition will be directed to those subjects. "Like due process, impartiality is a prerequisite to enforcement of a judgment under principles of comity . . . . [T]he Court will allow [those defenses] to stand because they serve to outline the extent of discovery this Court will permit KA to conduct." Order, January 18, 2006, at 22. The Court reiterated that position in an Order entered on March 6, 2006. Magistrate Judge O'Sullivan, in an Omnibus Order entered on August 18, 2006, affirmed KA's right to obtain discovery on many issues through documents and deposition testimony. Those issues were fully aired in a hearing conducted by the Magistrate Judge on August 18, 2006. At the hearing, a deposition noticed by

KA for Bernardo Roman was objected to by the Tribe because of concerns about Roman's thought processes as a legal adviser (the Tribe did not object to the deposition itself). The Court ruled: "Well, I agree with you that the thought processes are protected, but I don't think the evidence . . . relating to the impartiality of the judges is protected based upon Judge Ungaro's ruling." Tr. at 40.

3.    Judicial Immunity Does Not Apply to Roman

Roman's motion relies on cases that invoked judicial immunity to prevent law suits against judges in their official capacity and to protect them from discovery, even where they are non-parties. But all of the cases cited refer to judges as would-be defendants in litigation or as non-party witnesses. None of the cases utilized by Roman speaks to the circumstances here, where the Tribe is a plaintiff that seeks enforcement of a tribal judgment against defendant KA. For all of the reasons discussed above with respect to sovereign immunity, Roman cannot invoke judicial immunity to protect him from testifying about the defenses this Court has authorized KA to pursue. Roman plainly is not a party, but he is a material witness with respect to the judgment that his employer, the Tribe, actively seeks to enforce. This Court already has said he must be available.

4.    Judicial Privilege Does Not Protect What KA Seeks to Know

Roman's motion claims that a judicial privilege protects him from disclosing privileged communications among the tribal judges and their staff regarding the framing and researching of opinions, orders, and rulings. KA does not seek discovery on those matters. KA repeatedly has assured the Court that it does not want to examine the thought processes that led to the judgment here. See, e.g., Kraus-Anderson Construction Company's Reply in Support of its Renewed

Motion to Compel Discovery, filed on July 21, 2006, at page 3. KA gave that same assurance to

Magistrate Judge O'Sullivan at the hearing on discovery on August 18, 2006.

     5.    <u>Documents Sought From Roman Would Not Be Burdensome</u>

Roman's final contention does not pose an objection to deposition testimony but to the

production of documents sought in the deposition subpoena. The motion says, at page 8, that the

records Roman must review would be those to which he could assert a privilege after reviewing

them.

A plain reading of the documents list attached to the subpoena, attached hereto as Exhibit

A, [the subpoena was not filed with the Court] shows that some of the documents conceivably

might be privileged but that the great majority would not. As discussed above at length, KA is

entitled to the documents sought in order to develop its defenses against recognition of the tribal

judgment. Roman must not be allowed to assume, without reviewing the documents, that all

would be privileged. In any case, Roman is required by the Federal Rules of Civil Procedure to

produce a privilege log in order to permit reasoned argument as to the assertion of privilege. He

has entirely failed to do so.

<u>Conclusion</u>

The Motion to Quash Non-Party Subpoena of Bernardo Roman III, Esquire should be

denied.

    DATED:     September 25, 2006.

SQUIRE, SANDERS & DEMPSEY, LLP
Counsel for the Defendant

Norman Davis    FBN 475335
Patrick J. O'Connor FBN 715778
200 S. Biscayne Boulevard
Suite 4000
Miami, FL 33131
305-577-2988 phone
305-577-7001 fax


## Certificate of Service

I certify that a copy of the foregoing motion was served by facsimile and mail this
25 TH day of September, 2006, on the following:

Michael R. Tein, ESq.
3059 Grand Avenue, Suite 340
Coconut Grove, FL  33133

Davisson Dunlap, Esq.
Dunlap, Toole, Shipman & Whitney, P.A.
2065 Thomasville Road, Suite 102
Tallahassee, FL  32308

Norman Davis

# EXHIBIT  F

Issued by the
# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### SUBPOENA IN A CIVIL CASE

**MICCOSUKEE TRIBE OF
INDIANS OF FLORIDA
v.
KRAUS-ANDERSON
CONSTRUCTION COMPANY**

CASE NUMBER:
04-22774-CIV-UNGARO-BENAGES/O'SULLIVAN

TO: Bernardo Roman III, Esq.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Veritext, L.L.C.<br>1020 Biscayne Building<br>19 West Flagler Street<br>Miami, Florida 33130 | September 12, 2006<br>at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED SCHEDULE "A"

| PLACE | DATE AND TIME |
|---|---|
| Same as above. | Same as above. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEY FOR DEFENDANT | 9/6/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
PATRICK J. O'CONNOR
SQUIRE SANDERS + DEMPSEY LLP

200 BISCAYNE BLVD. STE. 4000
MIAMI, FL 33131
(305) 577-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or:

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A TO SUBPOENA TO BERNARDO ROMAN III, ESQ.

### DEFINITIONS

As used below, the following words shall have the meanings indicated:

1.  The term "Business Council" shall refer to the Miccosukee Business Council.

2.  The term "documents" means each document or group of documents that are known to you or that can be located or discovered by reasonable diligent efforts. In addition, the word "document" shall mean any writing (handwritten or typed), recording, computer-stored information (including data compilations), photograph, graphic matter, or other sources of electronically or magnetically maintained information in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, e-mails, facsimiles, memoranda, notes, drawings, graphs, charts, photographs, messages, diaries, agendas, rolodexes, address books, minutes, books, notebooks, reports, charts, ledgers, invoices, bills, bank statements, financial statements, computer printouts, computer discs, microfilms, microfiche, hard-drives, video tapes or tape recordings, license agreements, contracts, agreements and all drafts, notes, or preparatory material concerned with said document and every additional copy of such record or document where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. "Document" also shall be deemed to include any summary of a document or documents described herein.

3.  The term "Miccosukee Tribe" shall refer to Plaintiff Miccosukee Tribe of Indians of Florida and any of its affiliated corporations, officers, agents, servants, employees, and representatives.

1

4. The words "relate to" or "relating to" shall mean and include, constituting, compromising, consisting of, containing, referring to, pertaining to, proposing, evidencing, reflecting, describing, disclosing, mentioning, explaining, summarizing, setting forth, identifying, analyzing, touching upon, affecting, concerning, or has anything to do with, and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

5. "Trial Decision" shall refer to the formal, 166-page judgment of the Tribal Court issued on June 18, 2004.

6. "Tribal Court" shall refer to the Miccosukee Tribal Court.

7. "Tribal Court Proceedings" shall refer to formal proceedings before the Tribal Court that resulted in the issuance of the Trial Decision.

8. The words "you" and/or "your" mean Bernardo Roman III, as well as any former or current agents, attorneys, representatives, or any other persons acting (or who act or have acted) or purport to act on behalf of Mr. Roman.

9. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

## DOCUMENTS REQUESTED

Bring all documents described below that are within your possession, custody or control.

1. Any and all transcripts of any deposition testimony or trial testimony given by you in any legal or arbitration proceeding involving the Miccosukee Tribe.

2

2.  Any and all documents related to written or oral communications between you and the Plaintiff herein or their counsel.

3.  Any and all documents related to written or oral communications between you and any third party (other than as revealed in response to Item 3 above) related to this case.

4.  Any and all documents relating to evidence submitted in the Tribal Court Proceedings, including any docket sheet or list reflecting evidence submitted by the parties thereto.

5.  Any and all documents related to the substantive and procedural law applied by the Tribal Court, the Business Council, and/or the Miccosukee Court of Appeals.

6.  Any and all documents related to communications between the Tribal Court Judges and the members of the Business Council, including Chairman Billy Cypress, related to the Tribal Court Proceedings or Kraus-Anderson's attempted appeal thereof.

7.  Any and all documents identifying other cases on which you have performed services for the Plaintiff or the law firms representing the Plaintiff in this case.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com