UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22774-CIV-UNGARO-BENAGES/O'SULLIVAN

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

    Plaintiff,

v.

KRAUS-ANDERSON CONSTRUCTION
COMPANY,

    Defendant.
_____/

## OMNIBUS ORDER

THIS MATTER came before the Court on December 13, 2006, on the Miccosukee Tribe's Objections to Kraus-Anderson's Fourth Set of Interrogatories, Incorporating Motion for Protective Order and Memorandum of Law (DE# 174, 10/23/06), and Kraus-Anderson Construction Company's Motion to Compel, or in the Alternative, Renewed Request to Depose the Tribal Court Judges (DE# 181, 11/13/06) Having reviewed the applicable filings and law and having heard argument from counsel, for the reasons stated on the record during the hearing on this matter, it is

ORDERED AND ADJUDGED that Kraus-Anderson Construction Company's Motion to Compel, or in the Alternative, Renewed Request to Depose the Tribal Court Judges (DE# 181, 11/13/06) is GRANTED in part and DENIED in part as follows:

1.    As to Interrogatory No. 11 (First Set of Interrogatories), the plaintiff shall revise its response to reflect the names and dates that the tribal judges participated in general council meetings at which the subject construction contract was discussed;

2. As to Interrogatory No. 12 (First Set of Interrogatories), the defendant's motion to compel is DENIED because the plaintiff announced in open court that it stands on its answer that no tribal judges attended any business council meetings at which the subject construction contract was discussed;

3. As to Interrogatory Nos. 2 and 3 (Fourth Set of Interrogatories), the defendant's motion to compel is DENIED as moot because the plaintiff adequately responded to the interrogatories;

4. As to Interrogatory No. 1 (Second Set of Interrogatories), the defendant's motion to compel is DENIED as moot because the Tribal Court has agreed to expeditiously produce a copy of the Tribal Court Proceedings upon receipt of a letter from the defendant's counsel indicating the portions of the record it needs as well as providing an assurance that the defendant will reimburse the Tribal Court for the copying costs; and

5. As to the defendant's request for access to the Tribal Court Proceedings, the defendant's motion to compel is DENIED as moot because the Tribal Court has agreed to expeditiously produce a copy of the Tribal Court Proceedings upon receipt of a letter from the defendant's counsel indicating the portions of the record it needs as well as providing an assurance that the defendant will reimburse the Tribal Court for the copying costs.  It is further

ORDERED AND ADJUDGED that the Miccosukee Tribe's Objections to Kraus-Anderson's Fourth Set of Interrogatories, Incorporating Motion for Protective Order and Memorandum of Law (DE# 174, 10/23/06) is DENIED as moot as the plaintiff has

responded to the subject interrogatories.

  DONE and ORDERED, in chambers, in Miami, Florida, this 13th day of December, 2006.

             _____
             UNITED STATES MAGISTRATE JUDGE
             JOHN J. O'SULLIVAN

Copies provided to:
United States District Judge Ungaro-Benages
All counsel of record