UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22774-CIV-UNGARO/O'SULLIVAN

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

    Plaintiff,

v.

KRAUS-ANDERSON CONSTRUCTION
COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Defendant's Bill of Costs (DE # 234, 7/9/07). This cause was referred to the undersigned by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636 (b). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the aforementioned motion be **GRANTED IN PART** and **DENIED IN PART** as more fully explained below.

## BACKGROUND

On May 25, 2007 the Honorable Ursula Ungaro entered an Order Granting Defendant's Motion for Final Summary Judgment. (DE# 231, 05/25/07). On the same date, Judge Ungaro issued a Final Judgment in favor of the defendant. (DE# 232, 05/25/07). On June 25, 2007, the defendant filed a Bill of Costs (DE# 234, 06/25/07). The plaintiff filed a response to the Bill of

Costs on July 10, 2007. (DE# 238, 07/10/07).

## ANALYSIS

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "A 'prevailing party,' for purposes of rule...is a party in whose favor judgment is rendered...this means the party who won at trial, whether or not that party prevailed on all issues, and regardless of amount of damages awarded." See <u>All West Supply Co. v. Hill's Pet Products Div. Colgate-Palmolive Co.</u>, 153 F.R.D. 667, 668-69 (D. Kan. 1994). The defendant prevailed on summary judgment, and therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920. A court may only tax those costs which are specifically authorized by statute. See <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987).

A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and copies of papers necessarily obtained for use in case;

   (5) Docket fees under § 1923 of this title;

   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title. 28 U.S.C. § 1920 (2003).

In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization or contractual agreement, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000). Upon a complete review of the parties' filings, the undersigned recommends that the defendant be awarded some of the requested costs as more fully described below.

1. **Depositions**

The undersigned finds that the defendant incurred deposition transcript fees in the amount of $2,205.32. The plaintiff filed no objection to the deposition costs. The Eleventh Circuit permits the award of deposition costs where the depositions relate to an issue in the case. See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2001) ("deposition costs [are] allowable where there is no evidence that the depositions were not related to an issue in the case when the depositions were taken"). The defendant's request for deposition transcript costs are within 28 U.S.C. § 1920 (2) and the undersigned recommends an award in the amount of **$2,205.32**.

2. **Hearing Transcripts**

The undersigned finds that the defendant incurred hearing transcript fees in the amount of **$609.00**. The plaintiff filed no objection to the hearing costs. 28 U.S.C. § 1920 (2) states that, "a judge or clerk or any court of the United States may tax as costs the fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The defendant's request for hearing transcript costs are within 28 U.S.C. § 1920 (2) and the undersigned recommends an award in the amount of **$609.00**.

3. **Document Reproduction and Photocopies**

It is recommended that photocopy expenses in the amount of **$390.00** be allowed. The plaintiff filed no objection to photocopy costs. The costs were necessary for the maintenance of the lawsuit and trial and are recoverable as outlined in 28 U.S.C. § 1920 (4). This court recommends that **$390.00** be awarded to the plaintiff.

**4. Fees for Exemplification**

The defendant requests reimbursement in the amount of **$9,590.00** for fees associated with "Fees for Exemplification and copying of papers necessarily obtained." The plaintiff objected to the necessity of the copies from the trial record of the Miccosukee Tribal Court as the defendant already had a copy. The undersigned finds that the requested exemplification and photocopying costs were not described in sufficient detail and cannot allow recovery of, "fees for exemplification and copies of papers," that are not proved to be, "necessarily obtained for use in the case." 28 U.S.C. § 1920 (4). The undersigned recommends that all requested costs and expenses associated with exemplification be denied because there is no itemization of the costs which would allow a judgement of whether the costs are recoverable according to 28 U.S.C. § 1920 (4).

In accordance with the foregoing, it is hereby

**RECOMMENDED** that the defendant be awarded a total of **$3,204.32** in costs. The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); see also, RTC v. Hallmark Builders,

Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 2nd day of August, 2006.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Ungaro
All counsel of record